IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JAMES DALTON BELL              §

VS.                            §     CIVIL ACTION NO. 1:07cv940

UNITED STATES OF AMERICA, ET AL.§

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner James Dalton Bell, an inmate confined at the United States Penitentiary in Tuscon, Arizona, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## The Petition

Petitioner brings this petition asserting that all prosecutions and convictions since 1948 are defective.[1]

## Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have

---

[1] To the extent petitioner claims he is filing this petition on behalf of other prisoners, petitioner has not demonstrated the authority to do so. Pleadings submitted to a court may be signed by either parties proceeding *pro se* or by attorneys. Pleadings may not, however, be signed by a nonattorney on behalf of another individual. *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978). It is true, of course, that in certain circumstances nonattorneys may file pleading on behalf of another as a "next friend." As a general rule, however, persons on whose behalf a next friend acts are generally minors or incompetents. See FED. R. CIV. P. 17(c).

Petitioner does not allege that he is a licensed attorney. Nor does he allege that is attempting to represent persons that are minors or who have been adjudicated incompetent. Accordingly, it appears that the above-styled action was improvidently filed to the extent petitioner attempts to represent other individuals.

jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted).  A § 2241 petition must be filed in the district where the petitioner is incarcerated.  *Id.; Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

Petitioner is currently confined in the United States Penitentiary in Tuscon, Arizona where he was located when he submitted the petition.  Pursuant to 28 U.S.C. § 82, Arizona constitutes one judicial district.  As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived.  *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed the case for lack of jurisdiction.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this  7  day of        March           , 2008.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

**SIGNED** this  7  day of        March           , 2008.